NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-223-GFVT

DAVID A. HARRIS                                                        PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

PA A. NDIFE, ET AL.                                       DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff David A. Harris ("Harris") is a prisoner incarcerated at the United States Penitentiary-Big Sandy ("Big Sandy") in Inez, Kentucky. He filed this *pro se* civil rights complaint pursuant to 28 U.S.C. §1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) on October 11, 2006 [Record No. 3]. Because Harris had failed to provide the Court with documentation which demonstrated his exhaustion of available administrative remedies for each of his claims, on October 16, 2006, the Court entered a Deficiency Order [Record No. 5] directing him to complete a Form 118 to demonstrate his exhaustion of administrative remedies. The Deficiency Order directed Harris to include copies of the administrative grievance forms used. On October 31, 2006, Harris submitted his completed Form 118 [Record No. 7].

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Harris is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During

screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

**I.    BACKGROUND**

In his complaint, Harris alleges that he reported to sick call on July 17, 2006, experiencing chest pain, but was diagnosed with anxiety. The medical staff member wrote Harris a prescription to purchase anxiety medication at the commissary. Harris alleges that he lacked funds to purchase the medication, and that the medical staff member refused to provide him with the medication free-of-charge because he was not on the "indigent list." He was also cautioned that he would be disciplined if he continued to report to sick call without showing any discernible medical problems. Harris was again denied medication when he appeared for sick call the next day because he was not on the indigent list. Harris also alleges that he was disciplined on June 9, 2006, for feigning illness.

In his complaint and other supporting documentation, Harris states that he attempted to resolve his complaints informally by invoking the Bureau of Prisons' ("BOP") grievance process. The Form BP-8 supplied by Harris indicates that the attempt at informal resolution was ineffective when Harris rejected the proposed resolution on May 23, 2006, and that Harris was provided a Form BP-9 on that date. Harris alleges that he never received this response, and that his inmate counselor refused to give him grievance forms. Three months later, on August 20, 2006, Harris filed a Form BP-10 with the BOP's Regional Office of Inmate Appeals, alleging that his grievance counselor did not make rounds in his area of the SHU, that prison staff discriminated against him on the basis of race by placing him in a cell with a Caucasian prisoner,

and that prison staff did not respond when he pressed the duress button in the cell. That filing was rejected as having been filed at the wrong level, but was forwarded to Warden Hastings for response. By letter dated September 12, 2006, the warden recounted Harris's allegations, indicated that they would be investigated, and stated that he would be advised of the outcome. Harris filed his complaint in this action one month later, on October 11, 2006.

**II.    DISCUSSION**

42 U.S.C. §1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). It is the prisoner who must demonstrate that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To do so, the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The BOP has promulgated at 28 C.F.R. §§542.10-.19. a detailed administrative procedure to address grievances by inmates incarcerated in its facilities:

1. Before filing a formal grievance, the prisoner must first give the prison staff the chance to correct the problem themselves by presenting his complaint informally by submitting a Form BP 8½. 28 C.F.R. §542.13(a).

2. Regardless of the outcome of the informal resolution process, the prisoner must begin the formal grievance process by filing a Form BP-229 (formerly Form BP-9) with the warden within 20 days of the events complained of. 28

3

    C.F.R. §542.14(a). The warden must decide the grievance within 20 calendar days. 28 C.F.R. §542.18.

3. If the warden does not grant the prisoner the relief he requests, the prisoner may appeal by filing a Form BP-230 (formerly Form BP-10) with the Regional Director within 20 days of the warden's denial. 28 C.F.R. §542.15(a). The Regional Director must decide the appeal within 30 calendar days. 28 C.F.R. §542.18.

4. If the Regional Director does not grant the prisoner the relief he requests, the prisoner may appeal by filing a Form BP-231 (formerly Form BP-11) with the Office of General Counsel within 30 days of the Regional Director's denial. 28 C.F.R. §542.15(a). The Office of General Counsel must decide the appeal within 40 calendar days. 28 C.F.R. §542.18.

If the BOP decides at any level that the time allowed for it to respond to the grievance or appeal is not sufficient for it to make an appropriate decision, it may give itself an extension of time to respond once at each level--by 20 days at the institution level, 30 days at the Regional Office level, and 20 days at the Office of General Counsel level. 28 C.F.R. §542.18. If the BOP rejects a grievance or appeal at any level and does not give the prisoner the opportunity to correct the defect, the prisoner may immediately appeal the rejection to the next appellate level. 28 C.F.R. §542.17(c). If the prisoner does not receive a response from the BOP within the time allowed (including any extensions), the prisoner may consider the absence of a response to be a denial at that level. 28 C.F.R. §542.18.

    Harris's claims must be dismissed for failure to demonstrate exhaustion of his administrative remedies. As previously noted, the prisoner bears the burden of demonstrating that he exhausted his administrative remedies prior to filing suit. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Harris submitted to the Court the grievance Form BP-8 he filed on May 16, 2006, and alleges that thereafter his unit manager refused to provide him with further forms. This document cannot demonstrate, and his unit manager's alleged conduct cannot

4

excuse, exhaustion of administrative remedies for events that occurred on July 17, 2006, two months *after* Harris commenced that grievance process.

It is also clear that Harris failed to follow the BOP's grievance procedure with respect to the events of July 17, 2006. Harris's allegation that he was frustrated in his attempts to invoke the grievance process appear to apply only to his May 16, 2006 grievance. But even if construed to apply to the events of July 17, 2006, that allegation does not assist him. As noted in the Court's October 16, 2006 Deficiency Order, the fact that Harris was able to send a grievance to the BOP Regional Office and receive correspondence from the warden demonstrates that he was not prevented from contacting those persons able to process a grievance. In addition, even if the normal BOP forms used to initiate the grievance process were not available, ordinary letters or notes may be used to invoke the grievance process if necessary, *Jenkins v. Raub*, 310 F.Supp.2d 502 (W.D.N.Y. 2004), and diligence requires pursuit of any reasonable method to obtain relief where other avenues are foreclosed. *Cox v. Mayer*, 332 F.3d 422, 424-27 (6th Cir. 2003).

Harris also failed to properly or timely invoke his administrative remedies. The Regional Office's rejection notice indicated that, by failing to first file a grievance with the warden, Harris had not properly followed the grievance procedure. That failure alone would require dismissal of his complaint without prejudice. *Colon v. Harvey*, 344 F.Supp.2d 896, 898 (W.D.N.Y. 2004). But more importantly, Harris failed to file a Form BP-229 within 20 days after the July 17, 2006 incident of which he complains as required by 28 C.F.R. §542.14(a). The Supreme Court has recently held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006). That failure requires dismissal of his complaint, with prejudice. *Id*. at 2387.

5

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, **WITH PREJUDICE**.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) This is a **FINAL** and **APPEALABLE** order.

This the 30th day of November, 2006.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge